■ PETER J. SPYROS, Individually and as Executor of JAMES E. STRATES, Deceased, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 41793.) — *Per Curiam.* The supplemental decision rendered after remand (see 25 A D 2d 696) involves 111 acres, the land quantity assumed by claimants' expert; finding, also in accordance with his testimony, that 20 acres were subject to flooding; and applying to the 91 acres and the 20 acres the valuations, in differing amounts, to which the State's expert testified; to which was added the value of the Front Street property, the inclusion of which was not clearly indicated in the original decision. The resulting valuation of $272,025 has adequate support in the evidence. The after value of $37,525 found by the trial court was also warranted except as it went without the range of the testimony as the result of an arithmetical error, the correct evaluation of the remaining lands, on the basis employed by the trial court, comprehending 12 acres at $1,000, one acre at $200 and one acre, landlocked, at zero, plus the Front Street property at $24,525 or a total of $36,725; resulting in consequential damage of $22,800 and total damage of $235,300. Analysis of the decision in the light of the factual findings now supplied, involving, as they do, the adoption of the State's appraisal figures, satisfactorily disposes of the State's contention with respect to the effect given the proof of comparable sales. Judgment modified, on the law and the facts, by increasing the amount of the award to $235,300, with appropriate interest, and as so modified affirmed, with costs to cross appellants. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of the Claim of VICTOR N. OSCODAR, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal by claimant from a decision of the Unemployment Insurance Appeal Board which disqualified him from receiving benefits for having left his employment without good cause (Labor Law, § 593, subd. 1, par. [a]). Claimant, a salesman of stocks and bonds, having been granted a three months' leave of absence failed to return to his job following the expiration of his leave. The board found that although claimant had ample time within which to make known to his employer the reason for his delay in returning to work until six months later, he never made any attempt to obtain an extension of his leave. This the board concluded constitutes the voluntary leaving of employment. What constitutes good cause is a question of fact within the province of the board and if supported by substantial evidence, as is the case in the record here, there is nothing to justify disturbing the board's determination (Labor Law, § 623; *Matter of Ruggirello* [*Catherwood*], 25 A D 2d 597; *Matter of Caraballo* [*Catherwood*], 25 A D 2d 580). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.